UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RAPHAEL MENDEZ, | Case No. 18-CV-2817 (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| DAVID PAUL, Warden, and MR. ORUM, Building 1/2 Unit Manager, | |
| Defendants. | |

---

Raphael Mendez, pro se.

Bahram Samie, UNITED STATES ATTORNEY'S OFFICE, for defendants.

Plaintiff Raphael Mendez is a civilly-committed patient at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). ECF No. 19 at 1. Mendez's complaint (very generously construed) alleges that officials at FMC-Rochester violated his right to due process, conspired to confine him illegally, refused to prevent a wrong, falsely imprisoned him, and failed to perform a duty owed to him. ECF No. 1 at 1-4. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 17. In a December 10, 2019 Report and Recommendation ("R&R"), Magistrate Judge Hildy Bowbeer recommended granting defendants' motion to dismiss, and further recommended dismissing all claims with prejudice. ECF No. 28. This matter is now before the Court on Mendez's objection to Judge Bowbeer's R&R. ECF No. 29. The

Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Mendez's objection and adopts the R&R with only one exception: Rather than dismissing all claims with prejudice, the Court will dismiss Mendez's due-process and false-imprisonment claims without prejudice.[1]

Mendez raises several objections to the R&R, but the majority of his arguments are frivolous or irrelevant, and only a couple merit comment:

First, Mendez objects to Judge Bowbeer's factual assertion that he was found incompetent to stand trial. ECF No. 29 at 2. In support, Mendez attaches an order of the District Court for the Virgin Islands dated July 30, 1990 declaring him competent to stand trial. ECF No. 29-1 at 2. Mendez fails to mention, however, that less than one month after issuing this order, the court ordered Mendez to be transported to the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner") for a competency and sanity evaluation. *See Gov't of the V.I. v. Mendez*, No. CRIM. 90-43, 1995 WL 458439, at *1 (D.V.I. Jan. 26, 1995). After reviewing the results of that evaluation,

---

[1]Mendez's claim for false imprisonment is dismissed because it is barred by the reasoning of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck*-barred claims are dismissed without prejudice. *See Thomas v. Eschen*, 928 F.3d 709, 713 n.6 (8th Cir. 2019) (citing *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995)). Mendez's due-process claim is dismissed for lack of subject-matter jurisdiction, and thus this claim is also dismissed without prejudice. *See Crooks v. Lynch*, 557 F.3d 846, 849 (8th Cir. 2009) (because dismissal for lack of jurisdiction is not an adjudication on the merits, dismissal should be without prejudice). The Court agrees with Judge Bowbeer that Mendez's remaining claims should be dismissed with prejudice.

the court committed Mendez to FCI-Butner for four months pursuant to 18 U.S.C. § 4241(d). *Id.* At the end of the four-month period, Mendez was found incompetent and indefinitely committed to FCI-Butner by the United States District Court for the Eastern District of North Carolina pursuant to 18 U.S.C. § 4246. *Id.* All charges against Mendez in the District Court for the Virgin Islands were dismissed based on this incompetency finding. *Id.* Judge Bowbeer's assertion that Mendez was found incompetent to stand trial is clearly correct, and therefore Mendez's objection is overruled.

Mendez next argues that his civil commitment is illegal because it was not authorized by the Superior Court of the Virgin Islands. Because Mendez is attacking the validity of his initial commitment, and because nothing in the record suggests that the basis for Mendez's initial commitment has been reversed or set aside, this argument is foreclosed by the reasoning of *Heck v. Humphrey*, 512 U.S. 477 (1994). Although *Heck* involved a suit for damages brought by a state prisoner, the Eighth Circuit has said that *Heck*'s reasoning is equally applicable to actions for injunctive relief brought by civilly-detained plaintiffs such as Mendez. *See Karsjens v. Piper*, 845 F.3d 394, 406 (8th Cir. 2017).[2] If Mendez wants to challenge the validity of his civil commitment, he will have

---

[2]In *Karsjens*, the Eighth Circuit went on to explain that because plaintiffs were not challenging the validity of their initial commitment, but merely arguing that "that they should receive . . . regular, periodic assessment reviews to determine if they continue to meet the standards for civil commitment," *Heck* did not bar their claims. 845 F.3d

to do so by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241.[3] But as this Court has already explained to Mendez, *Heck* bars him from bringing this claim in a civil-rights action. *See Mendez v. Meek*, No. 18-CV-2332 (ECT/HB), 2018 WL 6259196 (D. Minn. Nov. 30, 2018).[4]

Finally, Mendez notes his "belief" that Judge Bowbeer, together with the United States Attorney, "instigated" his false imprisonment. ECF No. 29 at 4. His argument is frivolous for many reasons—most obviously because neither Judge Bowbeer nor the

---

at 406. Unlike the plaintiffs in *Karsjens*, Mendez *is* arguing that his initial commitment was invalid. ECF No. 29 at 3. Also unlike the plaintiffs in *Karsjens*, it appears that Mendez's competence is regularly reevaluated by the District Court for the Eastern District of North Carolina. *See* ECF No. 19-1 at 4-24 (documenting regular "Annual Forensic Updates" and competency hearings).

[3]Mendez knows well how to file a habeas action. *See, e.g., Mendez v. Paul*, No. 19-CV-0183 (PAM/LIB), 2019 WL 3928871 (D. Minn. Aug. 20, 2019) (dismissing habeas petition under abuse-of-the-writ doctrine); *Mendez v. Fed. Bureau of Prisons*, No. 09-CV-2496 (JMR/RLE), 2010 WL 11602633 (D. Minn. July 2, 2010), *report and recommendation adopted*, 2010 WL 11602634 (D. Minn. Aug. 3, 2010) (same); *see also Mendez v. Jett*, No. 13-CV-1270 (ADM/FLN) (D. Minn. July 2, 2013); *Mendez v. United States*, No. 12-CV-0028 (ADM/FLN), 2012 WL 1110125 (D. Minn. Apr. 3, 2012); *Mendez v. Bureau of Prisons*, No. 08-CV-4971 (JMR/RLE), 2009 WL 3856925 (D. Minn. Nov. 17, 2009).

[4]Indeed, Mendez has unsuccessfully raised this and similar claims several times, both in this District and elsewhere. *See, e.g., In re Mendez*, 470 F. App'x 165 (4th Cir. 2012) (per curiam) (denying Mendez's request for court order directing his release from civil commitment and return to the Virgin Islands); *Mendez v. Bureau of Prisons*, No. 08-CV-4971 (JMR/RLE), 2009 WL 3856925 (D. Minn. Nov. 17, 2009) (dismissing habeas petition alleging unlawful detention); *Mendez v. United States*, No. 5:04-HC-90-FL, 2004 WL 3327911 (E.D.N.C. Dec. 27, 2004) (same); *Mendez v. Gov't of the V.I.*, S. Ct. Civ. No. 2009-0084, 2012 WL 220432 (V.I. Jan. 18, 2012) (dismissing habeas petition for lack of jurisdiction).

United States Attorney were appointed to their positions until many years after Mendez was confined.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 29] and ADOPTS the R&R [ECF No. 28]. IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss or for summary judgment [ECF No. 17] is GRANTED as to dismissal and DENIED as to summary judgment.

2. Plaintiff's false-imprisonment claim is DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's due-process claim is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

4. Plaintiff's remaining claims are DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 5, 2020         s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge